THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVEN JACKSON, Appellant.— No opinion. Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Macken, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER ARNOLD, Appellant.— Judgment, No opinion. Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Macken, JJ.

RUTH RAFTEN, as Executrix of MATTHEW M. RAFTEN, Deceased, et al., Appellants, v. BLUM FOLDING PAPER BOX CO., INC., et al., Respondents.— Order, Supreme Court, New York County, entered on December 22, 1970, unanimously affirmed. Respondents shall recover of appellants $50 costs and disbursements of this appeal. No opinion. Order, Supreme Court, New York County, entered on October 5, 1970, unanimously affirmed, without costs and without disbursements. No opinion. Order, Supreme Court, New York County, entered on March 3, 1971, granting motion by corporate defendant to preclude plaintiffs from producing proof or adducing evidence " with respect to the issues as to which the interrogatories served on behalf of defendant, The Blum Folding Paper Box Co., Inc., remain unanswered ", unanimously modified, on the law and the facts and in the exercise of discretion, without costs and without disbursements, to the extent of denying the motion except as to interrogatory 28, and, as so modified, affirmed. With the exception of said interrogatory 28, which appellants concede " remains clearly unanswered ", we have concluded that the answers in the supplemental response to the interrogatories propounded substantially complied with the order of September 30, 1970. It was, therefore, an improvident exercise of discretion to preclude the plaintiffs from producing proof as to issues to which the interrogatories " remain unanswered ", with the noted exception. Pertinent here is the language of this court in *Cohen* v. *Quartite Creative Corp.* (29 A D 2d 758) in dealing with a denial of a preclusion order for failure to serve an adequate bill of particulars. We there said: " The inadequacies in the information furnished — and we find fewer than plaintiff asserts — seem to us more literal than substantial; and in our ·opinion contain no threat of prejudice to the prosecution of his case. In these circumstances, and in view of the availability of other forms of pretrial discovery (cf. *Baumgarten* v. *Lear*, 26 A D 2d 932), prolonging this debate, with all its minutiae, regarding the sufficiency of particulars lacks practical justification." Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.